Whaley v. Whaley et al.

REBECCA WHALEY, Defendant in Error, *v.* FRANKLIN WHALEY *et al.*, Plaintiffs in Error.

1. *Administration — "Family," who are — Construction of statute.* — The word "family," as used in the statute concerning the absolute property of the widow in cases of administration (Wagn. Stat. 88, §§ 33, 34), means children, or those persons who have a legal or moral right to expect to be clothed and fed by the widow, and does not include assistants who may be necessary to keep the house or manage the farm.

2. *Administration — Widow's right to possession of mansion house — Construction of statute.* — The statute (Wagn. Stat. 542, § 21) which provides that, until dower is assigned, the widow may remain and enjoy the mansion house of her husband without being liable to pay rent for the same, does not authorize her to hold it for any specific length of time.

3. *Administration — Practice — Allowance to widow, not a question for a jury.* — An application for allowance of absolute property to the widow under the statute (Wagn. Stat. 88, §§ 33, 34) is not a legal proceeding, but is a matter depending wholly upon the discretion of the court, and should not be submitted to a jury.

4. *Administration — Allowance of absolute property to the widow should not be a judgment against the executors.* — In an application for allowance of absolute property to the widow, it is erroneous to render judgment against the executors or administrators. The proper relief is an appropriation of assets in their hands.

*Error to Marion Circuit Court.*

*Dryden & Dryden,* for plaintiffs in error.

I. There was no warrant in law for the submission of the matters involved in the petitioner's application to a jury. The proceeding was unknown to the common law. It was not an action to recover money or property to which the petitioner had an antecedent right, or damages for the deprivation of any right, and it was therefore not a case for a jury. The petitioner's right wholly depends upon the exercise of the discretion of the court. It is the court that the law invests with the power, as well of determining what is a reasonable sum as of making the appropriation of that sum. (Wagn. Stat. 88, art. 2, § 34.)

II. The judgment rendered by the court is not such a judgment as the law warrants in the case. The petitioner is not entitled to

have and recover of the executors. All she is entitled to is to have the assets in the hands of the executors appropriated; and, when so appropriated, the executors are justified by the order of appropriation in disposing of the trust funds as directed by the court having jurisdiction of them and of the trust funds.

III. The first instruction is false both in its premises and its conclusions. It is not true that the law gives to the widow the mansion house for one year. Until dower is assigned her she may remain in the mansion house, etc., free of rent (Wagn. Stat. 542, § 21), but dower may be assigned her the next day after her husband's death, and, when assigned her, her right to remain in the mansion house (unless it happen to be assigned to her) is at an end; nor is it true, as the instruction avers, that she is entitled to the necessary assistants to enable her to keep house and manage the farm. There is no law that enjoins upon her the duty either of keeping house or of running a farm; these she may do or abstain from at her own pleasure. She may assign her right to the possession of the mansion to another if she like. (Stokes v. McAllister, 2 Mo. 163.)

The premises being false, the conclusion — viz. : that the help referred to are members of the family of the widow, within the meaning of the statute under consideration — is likewise false. There is nothing in the letter or spirit of the law to justify the assumption of this instruction, that the widow, with a retinue of servants, is to be fed by the executors for a twelvemonth at the expense of creditors and distributees.

IV. The persons composing the family for which subsistence is to be furnished are the same persons, and none others, who compose the family whose wearing apparel, on the death of the husband, becomes the property of the widow. Could it with any plausibility be pretended that a man-servant or maid-servant was such a member of the family as to make his or her wearing apparel the property of the widow? If not, he or she is not so a member of the family as to be considered in estimating the amount of subsistence to be set off to the widow. Where the widow has no one dependent upon her, as in the case at bar, subsistence is to be provided for her alone, not for a retinue of servants to support an

establishment. The construction insisted upon by the petitioner, and especially if the law be administered by a jury, would in most cases be equivalent to confiscation of the estate.

*Davies* and *Anderson & Boulware*, for defendant in error.

It cannot be supposed that the Legislature, when it used the words " necessary for the subsistence of the widow and her family for twelve months," designed to use the words in a rigid and unbending sense, to be construed in all cases without reference to the circumstances of the parties. If that were so, then the provisions for a year might be reduced to a certain amount of bacon and corn-meal. The reasonable intent to be imputed to the Legislature is that it designed that the County Court should take into view the condition and mode of life in which the widow was left by the death of her husband, and to regard as necessary that quality and quantity of provisions which is justified by such condition. So, too, in regard to the word " family." We claim that the Legislature intended by the word " family " to include such persons as constituted the family of the deceased at the time of his death, whether servants or children who had attained their majority. It was the design of the Legislature to furnish the necessary sustenance for such household for one year after the death of the husband, and to enable the widow to keep what death had spared of her domestic circle unbroken during that time, notwithstanding the loss of her husband. This is the humane construction, and is most consistent with the humane and liberal spirit which marks all our legislation in regard to widows.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff, who is the widow of William Whaley, deceased, made an application to the County Court for an appropriation out of the assets of the estate of the deceased, to supply a deficiency of provisions to which it was alleged she was entitled. The County Court appropriated a specific amount, and the executors appealed

to the Circuit Court. On a hearing in the latter court, a jury was impaneled, the court gave for their guidance regular instructions, and they found a verdict for plaintiff, upon which a judgment was rendered in the ordinary form, that the plaintiff do " recover," etc., " of the executors," etc. From that judgment this writ of error is prosecuted.

From the bill of exceptions it appears that at the time of the death of William Whaley his children were all grown, and but one remained at home, he paying his board by occasional services, and that there were others working on the farm and in the house, but that they left shortly thereafter; that the widow never had any children by the deceased, but that she had a daughter, Mrs. Peake, by a former husband, who, together with her husband and two children, was residing at the testator's house at the time of his death, temporarily and free of charge, and that they afterwards continued with the widow, and were with her when the application was made for an additional appropriation, the daughter assisting about the housework, and the husband the out-door work.

Upon this state of facts, at the instance of the plaintiff, the court instructed the jury that the law gave to the widow the possession of the mansion house and messuages for one year, or until dower was assigned, and that she was entitled to the necessary assistants to enable her to keep house and to manage the farm; that such assistants were members of her family, and were to be considered in the provisions made for the support of herself and family for twelve months.

An additional instruction was given, that if the jury should find that at the time of the allowance by the County Court, Peake was living with Mrs. Whaley, not as a boarder, but for the purpose of assisting her in taking care of the property, then he was a member of her family, and should be considered as such in making the appropriation; that if Mrs. Peake, at the time of the allowance, was living with Mrs. Whaley, assisting her, and doing her work as a necessary assistant, and not a boarder, then she was a member of the family, and should be considered as such in the appropriation.

The statute under which this proceeding was had provides as follows: " Sec. 33. In addition to dower, the widow shall be allowed to keep as her absolute property a family Bible and other books, not to exceed two hundred dollars; all the wearing apparel of the family, her wheels, looms, and other implements of industry; all yarn, cloth, and clothing made up in the family for their own use; all grain, meat, vegetables, groceries and other provisions on hand and provided, and necessary for the subsistence of the widow and her family for twelve months ; her household, kitchen and table furniture, including beds, bedsteads and bedding, not to exceed the value of five hundred dollars. Sec. 34. If the grain, meat, or other provisions allowed the widow in the preceding section, shall not be on hand at the time of taking the inventory, the court shall make a reasonable appropriation out of the assets of the estate to supply the deficiency." (Wagn. Stat. 88.)

It is evident that the real question in this case is, who are to be considered members of the family within the meaning of the law? Family, in a limited sense, signifies the father, mother and children. In a more extended sense it comprehends all the individuals who live under the authority of another, and includes the servants of another. The provisions of the law are founded in humanity and should be liberally construed. No given rule can be laid down which will apply to each particular case. The position and situation of some families require servants, and in such cases I think servants would be included in the class for which provision should be made. By taking the context of the whole of section 33 together, it seems to me that it is easy to arrive at the intention of the law-makers. The section uses the term " family " several times, and shows plainly what it refers to. It speaks of the " wearing apparel of the family," the " clothing made up in the family for their own use," and " the provisions necessary for the subsistence of the widow and her family." Family, as here contemplated, means children, or those persons who have a legal or moral right to expect to be fed and clothed by another. But those persons who have neither a legal nor moral

claim to the bounty of another cannot be placed in that category. Manifestly, as Mr. Peake and his wife and children could not have their wearing apparel and clothing included in the articles the widow was entitled to keep for her family, then they could not be included in the appropriation for provisions, for the same family is intended and spoken of throughout the section.

The first instruction is also erroneous. The law says that, until dower is assigned, the widow may remain and enjoy the mansion house of her husband and the messuages or plantation thereto belonging, without being liable to pay any rent for the same. (Wagn. Stat. 542, § 21.) She does not hold the premises for any specific time, but only until her dower is assigned; and surely if she has the premises, a farm, for instance, without payment of rent, and derives all the profits accruing therefrom, she will not be entitled to have the laborers who manage it for her, supported out of the estate, on the ground that they are members of her family. Whether the widow in this case got too much or not, I do not know, but the court evidently proceeded on a wrong theory.

I think the court also erred in submitting the matter to a jury. It was not a legal proceeding. It was not an action to recover money, or property, or damages, but it was a right depending wholly upon the exercise of the discretion of the court. The judgment is erroneous because it is an absolute judgment against the executors, instead of an appropriation of the assets in their hands, as the law requires. I mention these matters in order that they may be obviated when the case is again heard. For placing, as I think, a wrong construction upon the statute, the judgment will be reversed and the cause remanded. The other judges concur.