W. T. FERRY, Curator, Plaintiff in Error, v. R. J. McGOWAN, Defendant in Error.

Kansas City Court of Appeals, February 1, 1897.

1. **Guardian and Curator: APPEAL: JURISDICTION OF CIRCUIT COURT: AMENDMENT.** On appeal from the judgment of the probate court in the settlement of a guardianship, the circuit court determines the matters in controversy anew, revising and adjusting the debits and credits as right and justice may demand, and ordering amendments of the settlement in accordance therewith.

2. ———: **FINAL SETTLEMENT: JURY.** On final settlement of the accounts of a guardian there is no right of trial by jury.

3. ———: ———: **MISTAKES.** Where a guardian erroneously in an account charges himself with a given sum of money as cash, when in fact it is only a claim against a former guardian, and his accounts further show that he charges himself with dividends received from such claim, he is not estopped to correct the mistake and have a settlement approved according to the facts in the case.

*Error to the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*M. T. January* for plaintiff in error.

(1)   On appeal from the probate court there is no statutory authority to allow amendments. "Upon be-

coming possessed of the cause the court shall proceed to try the same anew," means the same settlement tried before the probate court. R. S. 1889, sec. 292. (2) Even under the liberal statute of amendments applicable to appeals from justice courts, such an amendment as was permitted would not be allowable. *Wehringer v. Ahlemeyer*, 23 Mo. App. 277; *Boughton v. R. R.*, 25 Mo. App. 10. (3) The court erred in refusing a jury trial. R. S. 1889, sec. 2131; *Hoyt v. Davis*, 21 Mo. App. 235; *Bradley v. Woerner*, 46 Mo. App. 371, at page 374. (4) In a case where a jury trial was not authorized before a justice of the peace, this court held that trial by jury could be had in circuit court on appeal. *State ex rel. v. Allen*, 45 Mo. App. 551. (5) McGowan should have been charged with the balances admitted by himself to be due in his turnover settlement in the probate court. He was estopped to deny that he had paid the amount he owed the minors as surety for M. Jordon, their former curator. 2 Herman on Estoppel, sec. 738. (6) If McGowan was possessed of sufficient property out of which he could have realized $1,902.76 at the time he charged himself in his inventory with that amount, then he was liable for it on final settlement, regardless of his insolvency. *State ex rel. v. Branch*, 36 S. W. Rep. No. 2, p. 226 (Mo. Sup. Ct.).

*O. H. Hoss, S. A. Wight*, and *J. B. Johnson* for defendant in error.

(1) Plaintiff in error is not in position to insist before this court that the lower court erred in refusing his motion to strike out the amended turnover or final settlement, for by filing his exceptions to said settlement, and going to trial on the merits, he waived his objection to the court, allowing said settlement to be

filed. *Ely v. Porter*, 58 Mo. 158; *Gale v. Foss*, 47 Mo.
276; *Williams v. R. R.*, 112 Mo. 463, at bottom page
485; *Berthold v. O'Hara*, 121 Mo. 88, at bottom page
96. (2) The amendment was proper, as the same
matter was still involved; that is, the adjustment of
McGowan's account as curator. R. S. 1889, secs. 292,
2097 and 2098; *Roeder v. Shryock*, 61 Mo. App. 485, at
page 490; *Hunt v. Bauton,* 63 Mo. 187; *In re Est. of
Meeker*, 45 Mo. App. 186. (3) Even admitting that
the court committed error in allowing the amended
turnover settlement to be filed, still this court should
not reverse on that ground, as it was harmless, it being
the duty of the circuit court to state the account of
McGowan as curator fully, according to the facts dis-
closed, and the law. R. S. 1889, secs. 2303, 2304.
(4) This being a proceeding to ascertain and state an
account between a trustee and the beneficiaries of the
trust fund, it is preeminently cognizable by a court
of equity, and, therefore, exceptor was not entitled to
a jury trial. *In re Est. of Meeker*, 45 Mo. App. 186;
*Finley v. Schluter*, 54 Mo. App. 455, at page 458.
(5) When the facts and circumstances are considered
in this case, they conclusively show that McGowan is
not estopped to show the truth, to protect his bonds-
men.

GILL, J.—This is an appeal from the judgment of
the circuit court of Vernon county on a final settlement
of defendant McGowan as curator of the
Blue heirs. Many of the facts here were
STATEMENT.
before us in *Wilhite v. Ferry*, 66 Mo. App. 453.
One Jordon had charge of the estate prior to McGowan,
but in March or April, 1892, Jordon died leaving a bal-
ance due the minors of about $1,900. McGowan was
one of Jordon's securities and was appointed his suc-
cessor. After holding the curatorship for a little more

than a year, McGowan resigned and W. T. Ferry was appointed in his stead. In the inventory and annual settlement made by McGowan while acting as curator he seems to have treated the claims of the heirs against their former curator (Jordon) as *cash* on hand and charged himself accordingly, though in a report made to the probate court in July, 1893, McGowan advised the court that the amount had never in fact been collected; that at the time of so charging himself with said $1,900 he expected with the aid of his cosureties, to raise the amount, but had failed. In the final or turn-over statement made in October, 1893, the same mistake, however, was carried into the report and McGowan was by the court charged with the $1,900 as cash collected. In due time, however, McGowan appealed from the judgment of the probate court, and when the cause came into the circuit court, the retiring curator filed an amended statement of his final settlement, in which he accounted for the $1,900 claim against Jordon, the former curator, as an uncollected instead of a collected asset.

Ferry, the curator who succeeded McGowan, objected to the court's action in permitting the amended accounts to be filed; and when he was overruled in this, filed exceptions to the amended statement, and in effect asked the court to charge McGowan with the $1,900 as cash according to the inventory, etc., and also objected to certain fees for services as curator. The circuit court heard the evidence; and after an examination of the amended accounts, allowed the same as presented by McGowan, except only as to the amount claimed for his services. In accordance with the court's finding the curator had paid out a small amount more than he had received. From this judgment Ferry, the present curator, appealed to this court.

I.   Three alleged errors are assigned, to wit: that the circuit court erred in permitting the curator to amend his final statement; that error was committed in refusing Ferry's demand for a jury trial of his exceptions, and that on the facts proved the exceptions should have been sustained.

GUARDIAN and curator: appeal: jurisdiction of circuit court: amendment.

We think there is no merit in either contention. When the transcript and papers in appeal from the probate court are filed in the circuit court, the latter becomes possessed of the cause as if it originated there; and it is its duty "to proceed to hear, try and determine the same anew, without regarding any error, defect, or other imperfection in the proceedings of the probate court." Secs. 292 and 5335, R. S. 1889. And the circuit court, being so possessed of the cause, it is made its duty to "proceed to examine the accounts of such guardian or curator, *correct all errors therein*, if any there be, and make a final settlement with such guardian or curator." Sec. 5329, R. S. 1889. The duty of the court thus prescribed is to examine the entire accounts of the retiring curator and *"to correct all errors therein,"* whether such corrections be for or against the curator. Indeed, it would make no difference whether the curator had made a correct statement or not; the court might revise and adjust the debits and credits and itself declare the state of the account, and it might then require the curator to amend the statement or account to conform to the right and justice of the matter. If then the court may so require, then surely there can be no error in permitting the curator to so amend his statement as to conform to the finding and judgment of the court. Neither does the amendment in such a case materially change the nature of the controversy between the parties. *Roeder v. Shryock*, 61 Mo. App. 485.

II.  There is no right of trial by jury in a case of this nature.  This exact question has been so determined by the St. Louis court of appeals.  *In re Estate of Meeker*, 45 Mo. App. 186.  And the reasoning of Judge BIGGS at page 194 of that case is so satisfactory that we care to do nothing more than refer to it with our approval.

——: final settlement: jury.

III.  In our opinion, too, the circuit court's judgment was right on the merits.  The evidence shows that McGowan, in the inventory and first annual settlement, by mistake charged himself with the $1,900, which his predecessor owed the heirs.  At that time he thought he would be able, by the assistance of his cosureties, to raise sufficient money to make good the deficiency of the former curator, but in this he failed because of the insolvency of all the sureties, himself with the balance. The testimony is quite conclusive that at no time at or after McGowan's entering upon the duties of curator was he possessed of sufficient money or means to settle Jordon's indebtedness to the heirs; he was in fact insolvent.  The testimony also shows that although charging himself with the amount due from Jordon's estate, as if it was cash on hand, he, McGowan, as curator, at the same time presented and had allowed the claim against said estate and collected as dividends thereon the sum of $390 which he passed to the credit of the heirs.  It is clear that if he should at the time have been regarded as having paid off the deficiency of Jordon, then he, McGowan, should have been treated as the owner of said claim and himself entitled to said $390.

——: ——: mistakes.

Neither was McGowan estopped by his conduct from correcting this error, whereby he had been by mistake charged with money he had not in fact collec-

ted; there is nothing in the evidence to show that the heirs were prejudiced thereby, or that they lost anything on account thereof.

The judgment was .for the right party and will be affirmed. All concur.