## SULLIVAN S. CHILD
### *v.*
## EDWARD H. GRATIOT.

1. ADMINISTRATOR — *appointment of a non-resident — not allowable.* A non-resident cannot legally be appointed administrator, on an estate in this State, not even on the estate of a non-resident dying abroad and leaving effects in this State.

2. This rule is deduced from the evident object and policy of the act of 1847, which provides for the removal of an administrator from office, in case he shall remove from the State, and neglect or refuse to make settlement of his accounts on proper notice given for that purpose.

3. If, in such case, the administrator who has removed from the State, makes a settlement, his trust thereupon, *ipso facto,* terminates. If he does not make the settlement, he is to be removed from office.

4. ACT OF 1847, on that subject, as reprinted in 1853, and as it appears in Scates' Compilation, p. 1238, is not correctly copied from the original session laws, important words being omitted.*

5. REVOKING LETTERS OF ADMINISTRATION — *where a non-resident is appointed.* Should a non-resident be appointed administrator of an estate in this State, it is the duty of the probate court to revoke the appointment on proper application being made.

6. SAME — *by whom the application may be made.* In this case such application was made by an administrator of the same estate, appointed in another State, the domicile of the intestate, and his application was entertained.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The opinion of the court contains a statement of the case.

_____

* But it is correctly printed in Purple's Statutes, and in the recent compilation by Gross, p. 811, § 100.

Mr. LOUIS SHISSLER and Mr. M. Y. JOHNSON, for the appellant.

Messrs. LELAND & BLANCHARD, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

At the June Term, 1865, of the County Court of Jo Daviess county, Sullivan S. Child, administrator on the estate of William H. Child, by letters of administration granted at Marietta, in the State of Pennsylvania, applied to the County Court to revoke the letters of administration on the same estate, granted by that court to Edward H. Gratiot, for the reasons, first, because Gratiot was a non-resident of this State, and could not be legally appointed such administrator; second, because the letters were obtained through misrepresentation and false pretenses; third, because they were obtained by a suppression of the truth; fourth, because letters of administration had been granted at Marietta, Pennsylvania, the domicile of deceased, on the 15th of August, 1864, to applicant.

The County Court refused the application, and an appeal was taken to the Circuit Court, where the decision of the County Court was affirmed. From this judgment an appeal is brought to this court on bill of exceptions duly taken.

Proof was made that Gratiot was a resident of Wisconsin at the time of his appointment, and had been such resident for a great number of years, and yet a resident thereof. He was the uncle of the intestate, whose father was living in Baltimore. After his appointment, Gratiot called on Edward H. Beebe, the guardian of the intestate, and received from him the sum of ten hundred and eighty-six dollars and ninety-one cents, due the estate of the intestate, and gave his receipt for the same, as administrator of William H. Child, deceased. This sum was a balance in the hands of Beebe, as guardian. No debts were proved against the intestate in Jo Daviess county, nor had he resided there for many years.

The question presented is, can a non-resident of this State be appointed an administrator on the estate of a non-resident

dying abroad and leaving effects in this State, or if such appointment be made, it is the duty of the court making it, to revoke it, on proper application being made.

In this case, the application to revoke the letters granted to Gratiot, was made by the administrator appointed by the court of the domicile of the intestate.

We see grave objections to the appointment of a non-resident administrator on the estate lying in this State, among which is, the impossibility of compelling him to render an account and make a settlement, and pay claims and demands against the estate, as he is beyond the reach of the process of the court, and can set it at defiance, to the great loss and injury of creditors.

By the act of 1847, it is provided, when any executor or administrator may have removed, or shall remove without the limits of this State, it shall be the duty of the probate justice of the proper county, upon affidavit being filed of such removal by any person interested in the estate in the hands of such executor or administrator, to cause a notice to be published in some newspaper in the county where letters testamentary or of administration may have been granted, for four weeks successively, and if no newspaper is published in said county, then by posting up a notice at the court-house door, setting forth that said affidavit has been filed, and notifying the said executor and (or) administrator to appear before him within thirty days after the date of said notice and make a settlement as aforesaid, it shall be the duty of said probate justice to remove said executor or administrator from office, and supply the vacancy as now directed in other cases. Scates' Comp. 1238.

The spirit of this law would seem to forbid the appointment of a non-resident to any such trust, for if he can be deprived of his office on his removal to another jurisdiction, no court would be warranted in appointing him to the office, he being a non-resident at the time of his appointment. There is an incongruity in it which cannot be reconciled. We therefore are of opinion, that on the facts before the Circuit Court, the appointment of Mr. Gratiot, he being non-resident, should have

been revoked on the application of the administrator, who had been appointed such, by the court of the domicile of the intestate.

For these reasons the judgment of the court below must be reversed.

*Judgment reversed.*

At the April Term, 1867, a rehearing of this case was asked upon grounds which are set forth in the following supplemental opinion of the court, but the application was denied.

Messrs. R. H. McCLELLAN, D. W. JACKSON and E. A. SMALL, counsel for the appellee, made the application.

Mr. LOUIS SHISSLER and Mr. M. Y. JOHNSON, for the appellant, *contra.*

Mr. JUSTICE BREESE delivered the opinion of the Court:

Since filing the above opinion, a petiton has been presented by the appellee for a rehearing. It is suggested in the petition that we have misapprehended the statute, on which the opinion was based. The act in question is the act of 1847, entitled "An act further to define the duties of probate justices," and is composed of one section. We quoted from "Scates' Compilation," p. 1238, and referred also to the act, as printed among the laws of 1847, in the reprint of 1853, p. 63, and found an entire correspondence. The counsel for appellee insisting in his petition there was an important omission, which, in his opinion, materially changed the character of the enactment, we sent for and obtained the original publication of the acts of 1847, made in that year, which, on examination, verified the statement of counsel.

In the act of 1847, as originally published (Sess. Laws, 1847, p. 63), these words are found in it, after the words, "make a settlement," which are not found in the reprint of 1853, or in "Scates' Compilation" of 1858, "*of his accounts as now required by law; and in case said executor or administrator*

*shall neglect or refuse to make said settlement as aforesaid,*" it shall be the duty of said probate justice to remove the administrator, etc.

These words in *italics* are entirely omitted from the printed acts from which we quoted, but by supplying them we are not of opinion that the implication we raised on the statute with those words omitted, is destroyed or weakened.

This act does not, nor does any act to which reference has been made, authorize, in express terms, the appointment of a person, who is non-resident, to the office and trust of administrator on an estate lying wholly within this State, and we think there are insuperable objections to it. It is the purpose of this very act to put an end to the trust on the removal of an administrator duly appointed while a resident, to another jurisdiction, for if he obeys the notification to appear and settle, and he makes a settlement, his trust, *ipso facto*, terminates, else why a settlement? If he does not, on notice, make a settlement, the same result is produced. These are modes provided by which the trust shall cease. This is the evident object and policy of the act of 1847; from the same motives of policy then, a non-resident should not be appointed to such a trust. In the first place a non-resident administrator cannot be compelled to perform the duties pertaining to the trust. He is not present to be served with notice of existing claims against the estate he represents nor with process. It cannot be that the law intended each creditor, who wishes to prosecute a claim before the Probate Court, be his claim large or small, should be under the necessity of filing an affidavit of non-residence, and make proof of publication in a newspaper, for the administrator to appear and defend. The law prescribes a mode of presenting claims against an estate, which is by notifying the administrator, and if he happens to reside in Oregon or some other State, it would be attended with great delay, loss, expense and inconvenience, and in many cases result in the loss of the claim.

Nor is it possible to carry into effect section 126 of chapter entitled " Wills," if the administrator be a non-resident. That section provides on failure to pay over money or dividends in

pursuance of the order of the Court of Probate, within thirty days after demand made, the delinquent administrator shall be attached and imprisoned until he complies with the order. A non-resident administrator cannot be brought within the operation of this section, and his body being absent, the creditors and distributees would lose one of the strongest holds the law has wisely given them for the due performance of the duties of an administrator. We see an incompatibility in the two positions not to be reconciled.

The suggestion by appellee, that a suit can be brought on the administrator's bond, is not a sufficient answer, nor a relief from the dilemma. If the administrator can be non-resident, why may not his sureties be also? And how will you proceed against them on the bond without personal service? We see no effective mode.

Section 57, chapter "Wills," has provided fully for such a case as was presented to the County Court of Jo Daviess county. It is as follows:

" Whenever any person shall die intestate in any county in this State, or whenever any non-resident shall die intestate, leaving goods or chattels, rights and credits, or either, and no widow or next of kin, or creditor or creditors shall be living within this State, administration of the goods or chattels, rights and credits of such intestate, shall be granted to the public administrator of the county in which such intestate died, or in which the goods or chattels, rights, credits and effects shall be found, in case such intestate shall have been a non-resident, and his successors in office." Scates' Comp. 1192.

This statute would have justified the county court in a refusal to issue letters of administration to any person other than the public administrator. No other person had a right, under the law, to administer on this estate. The intestate left no. widow, or next of kin, or creditors living in this State, consequently the right to administer devolved upon the public administrator, and upon no other person.

The letters of administration to appellee were improvidently granted. The money of the intestate was safe in the hands of Beebe, and as there were no creditors, no necessity existed for administration. Should there be danger of loss of the money, or creditors appear, then, on proper representations being made to the County Court, it would be the duty of that court to commit administration to the public administrator.

It does not follow from what we have said, that appellant would succeed to the trust. By no means. He is in the same predicament as appellee, being a non-resident. Whatever rights he may have, he can exercise them by complying with the act authorizing administrators and executors from other States to prosecute suits in this State, approved March 3, 1845. Rev. Stat. 596.

We are entirely satisfied a non-resident cannot legally be appointed administrator on an estate in this State, and where such a person has been appointed the appointment should be revoked.

We adhere to the opinion first delivered, and must reverse the judgment of the Circuit Court.

*Judgment reversed.*