## *In re* PETITION OF MARION MULFORD.

*Opinion filed October 24, 1905.*

1. CONSTITUTIONAL LAW—*right to act as executor not a "privilege" or "immunity."* The right of a person named as executor in a will to be appointed by the court and to act as such executor is not a "privilege" or "immunity," the denial of which is prohibited by section 2 of article 4 of the Federal constitution.

2. SAME—*act providing that no non-resident shall be appointed executor is valid.* The final proviso to section 18 of the Administration act, (Laws of 1897, p. 1,) that no non-resident shall be appointed or act as executor, is not in violation of the constitutional guaranty that no person shall be deprived of life, liberty or property without due process of law, since an executor is a public officer, and the right to hold office is not within such guaranty.

3. DOMICILE—*when person is a non-resident.* One having a permanent abode in foreign State, who comes to Illinois for a temporary purpose, intending to return to his fixed abode, is a non-resident of Illinois.

APPEAL from the Probate Court of Will county; the Hon. JOHN B. FITHIAN, Judge, presiding.

JOHN T. WHITE, and MORRILL SPRAGUE, for appellant:

The latter part of section 18 of chapter 3 of the Revised Statutes, as amended by the act of June 3, 1897, provides that "no non-resident of this State shall be appointed administrator and no non-resident shall be appointed or act as executor." Hurd's Stat. 1903, p. 107.

We claim this amendment to be unconstitutional, as being in conflict with that part of the constitution of the United States which provides that "the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States." Const. of U. S. art. 4, sec. 2.

It is also unconstitutional and void as being in conflict with that part of the constitution of Illinois which provides that "no person shall be deprived of life, liberty or property without due process of law." Const. 1870, art. 2, sec. 2.

There can be no denial of any of the rights and privileges to citizens of other States which are accorded to the citizens of the State enacting the law. They must all stand on the same footing. *Woodruff* v. *Parkham,* 75 U. S. 382; *Kimmish* v. *Ball,* 129 id. 217.

The privileges and immunities referred to therein are confined to those privileges and immunities which a State grants its own citizens. In short, this provision prohibits the States from denying to citizens within their territories any of the privileges and immunities enjoyed by its own citizens by virtue of their being citizens. 8 Cyc. 1037.

All persons capable of making wills, and some others besides, are capable of being made executors, except such as are expressly forbidden by law; and those who are so forbidden are so few that practically it may be said that any one may be an executor. 11 Am. & Eng. Ency. of Law, (2d ed.) 751.

It is a maxim that "whom the testator will trust, so will' the law." *Senior* v. *Ackerman,* 2 Redf. 302.

As a general rule, non-residence in the State where the will is admitted to probate is not a disqualification of the person named therein as executor if he is a citizen of the United States. 11 Am. & Eng. Ency. of Law, (2d ed.) 753.

A change of residence and the exercise of the right of suffrage in the newly acquired residence do not necessarily change the domicile. *Hayes* v. *Hayes,* 74 Ill. 312.

The word "residence" is not to be construed as synonymous with the word "domicile," for one absent from the State on business or pleasure, having an intent to return, may have a political domicile in that State although he has a residence elsewhere. He may be a non-resident of the State of his domicile in the sense that his actual place of abode is not there. *Keller* v. *Carr,* 40 Minn. 428.

The word "resident" is used in many different senses, and one may be a resident for some purposes while he is not a resident as regards others. It has a different meaning in

almost every statute in which it is used, while the technical "non-resident" always imports one idea only,—that of a party who is incapable of being served with process. 16 Am. & Eng. Ency. of Law, (1st ed.) 718, note 3.

KNOX & AKIN, for appellees:

The privileges and immunities referred to in section 2 of article 4 of the constitution of the United States are confined to those privileges and immunities which a State grants to its own citizens. 8 Cyc. 1037.

This clause of the Federal constitution has nothing to do with the distinctions founded on domicile. *Lemmon* v. *People*, 20 N. Y. Ct. App. 562.

Statutes making discriminations between residents and non-residents and not between citizens are valid. *Robinson* v. *Navigation Co.* 19 N. E. Rep. 625.

The privileges and immunities of the citizens of the several States are those which concern the personal, private rights of the citizen. They do not include within their meaning the right to hold office. *People* v. *Loeffler*, 175 Ill. 585.

The jurisdiction to admit wills to probate, appoint executors and administrators, etc., is a special, summary jurisdiction unknown to the common law and purely statutory. *Moody* v. *Found*, 208 Ill. 78.

The right to inherit and the right to devise are purely statutory, and the exercise of such rights is subject to such restrictions and limitations as the legislature may impose. *Kochersperger* v. *Drake*, 167 Ill. 122.

If a State may deny the privilege altogether, it follows that when it grants it it may annex to the grant any conditions which it supposes to be required by its interests or policy. *Mayer* v. *Grima*, 8 How. 493.

The exclusion of a non-resident from the office of executor or administrator is essential to the due and proper administration of the estates of decedents. *Child* v. *Gratiot*, 41 Ill. 357.

The right to be appointed executor or administrator is not a common "avocation," "calling," "trade" or "means of livelihood," within the meaning of the term "liberty," as defined by this court.  *Bessette* v. *People,* 193 Ill. 334.

The right to devise or to take by devise, either absolutely or in trust, as executor or otherwise, is "property" only when acquired or conferred in the manner prescribed by law. *Kochersperger* v. *Drake,* 167 Ill. 122.

Executors and administrators are public officers.  Wharton on Conflict of Laws, sec. 552; Woerner on Law of Administration, sec. 172.

The term "residence," in its legal use, has a more or less restricted meaning, according to its application.  Generally it signifies what we understand by the home, domicile, the permanent abode where one lives without any present or absolute intention to change it, and to which, whenever absent, he intends to return.  *Hayes* v. *Hayes,* 74 Ill. 314; *Bale* v. *Irwin,* 78 id. 181.

The constitution, with reference to eligibility to office, contemplates a residence which is equivalent to home, domicile, permanent abode.  *Smith* v. *People,* 44 Ill. 16; *Wilkins* v. *Marshall,* 80 id. 74; *Johnson* v. *People,* 94 id. 512.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Harriet M. Richards, a resident of the county of Will, in this State, while temporarily absent from her home, departed this life on the 26th day of April, 1904, at Palacias, Matagorda county, Texas.  She left a will bearing date March 15, 1890, in which she nominated as executor Marion Mulford, the appellant.  The will was presented to the probate court of Will county and duly admitted to probate.  It was made known to the probate court that said Marion Mulford was a resident of the State of Ohio, and the court, on motion of certain legatees and distributees under the will, refused to grant letters testamentary to him, for the reason he was a non-resident of this State.  This record presents for de-

cision the correctness of the action of the court in refusing to authorize the appellant, Mulford, to act as executor of said will.

The. final proviso of section 18 of chapter 3, entitled "Administration," (4 Starr & Cur. Stat. p. 32,) as amended by the act of 1897, provides that "no non-resident shall be appointed or act as executor." But it is urged that this statutory provision is in conflict with section 2 of article 4 of the constitution of the United States, which provides that "the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States," and is also in conflict with section 2 of article 2 of the constitution of the State of Illinois, which provides that "no person shall be deprived of life, liberty or property without due process of law."

The right to be appointed and act as an executor is not a "privilege" or "immunity" the denial whereof is prohibited by the Federal constitution. The disposition which shall be made of property after the death of the former owner is to be determined by the law-making body of the State. No one has a natural right to take as heir of another, nor has any person the natural right to direct the devolution of his property after he shall have died. The right to devise or bequeath property by will or to take by inheritance exists only because conferred by law. (*Evans* v. *Price,* 118 Ill. 593; *Wunderle* v. *Wunderle,* 144 id. 40; *Kochersperger* v. *Drake,* 167 id. 122.) The legislature may change the course of descent or of the devolution of property by will, and the enactment will operate at once as to all estates not already passed by the death of the owner. (*Kochersperger* v. *Drake, supra.*) The State, acting in its sovereign capacity, by appropriate legislation regulates and controls the devolution of property after the death of an owner. Our statute in respect of these matters authorizes the owners of property to provide by will for the ownership thereof after they shall have died and regulates and controls the manner in which

such will shall be executed and authenticated, and provides that they be duly proven in the court given jurisdiction of such matters, and admitted to probate, and that the same, when so duly admitted to probate, shall be carried into execution by the person named therein as executor or executrix, provided such person shall possess the qualifications which the same statute has fixed and declared to be essential to the legal right to discharge such duty. The judicial procedure thus established to regulate and control the devolution of property by will is the exercise of governmental power and duty by the State, and executors acting by force of such procedure exercise functions that are official in character. The position is denominated an "office" in sections 31 and 36 of the Administration act. (1 Starr & Cur. Stat. 283, 284.)

The nomination of an executor by the testator in his will does not confer power and authority on the person so nominated to act as executor until he has been found "legally competent" so to act by the branch of the judicial department of the State in which has been vested jurisdiction and power to so determine, save that the statute has granted temporary authority to the person so named as executor to act, to a circumscribed and limited extent, before the probate of the will. But this limited power is possessed in virtue of the statute conferring the same on the person named as executor. An executor receives formal letters testamentary, which constitute his commission as an officer. Before such letters may issue he must take the oath of office prescribed by the statute and must execute a bond to the People of the State of Illinois conditioned for the faithful performance of the duties of his office, unless the will shall direct that no bond be required, and even in the event of such direction in the will the court may, for certain specified reasons, require the bond to be given. The estate is committed to the executor to be administered under the direction and supervision of the court, acting in pursuance of the general statutory

enactments relating to the administration of estates. Power resides at all times in the court to control and direct the executor and to revoke his authority to act for any statutory disqualification. His compensation is fixed by public law. He is required to report to the court at stated intervals, and it is essential to the preservation of the rights of widows and children, creditors, legatees and devisees, and to the proper administration of the estate in compliance with the law, that the court shall have power at all times to compel his personal attendance before the court. An executor is a public officer. (Wharton on Conflict of Laws, sec. 552; Woerner on Law of Administration, sec. 172.)

The "privileges and immunities" which are protected by the constitutional inhibition concern the personal and private rights of the citizen, such as his right to acquire and possess property, to pursue ordinary callings and secure happiness and safety, etc., and do not include within their meaning the right to hold office. (*People* v. *Loeffler,* 175 Ill. 585.) The State may decline to confer official power on residents of other States without depriving such non-residents of any "privilege" or "immunity" protected by the constitution of the general government, or of "liberty" or "property" within the meaning of those words as used in our State constitution. A non-resident can have no property right in the fees provided by law to be paid as compensation for the performance of the duties of an office created by or existing in virtue of the statutes of this State. "Liberty," as the term is used in the constitutional provision, includes freedom from servitude and unlawful restraint; the right to pursue any ordinary calling, trade or employment, and acquire property, etc., thereby, but does not include any supposed right of a non-resident to receive an appointment to a position created by the general laws of the State for the purpose of carrying into effect legislation affecting the State and its people.

The power to control property of a deceased person to the end that it shall be applied to the payment of the just

debts of the decedent, for the protection of those who were peculiarly dependent upon him and who may otherwise become burdens on the public, and the remainder be transmitted to the persons or to the purposes the testator desired it to go or be applied to, rests in the State in its sovereign capacity. In exercising this governmental function the State has the clear right to call to its aid and to invest with official power only such persons as are residents within its territorial limits. No non-resident enjoys the "privilege or immunity" to participate, as an officer, in the administration of the affairs of the State, nor has he any right of "liberty or property" in the fees or emoluments of any such office or public position. The petitioner, Marion Mulford, testified that he was seventy-one years old and had a wife and two daughters, with whom he resided in Dayton, Ohio, when the said Harriet M. Richards died; that he lived with his family on homestead property owned by himself and which he had not abandoned; that he had come to Illinois with the fixed purpose and intention of accepting the executorship of this estate and of remaining within the jurisdiction of the court until the estate could be administered upon in accordance with the will, and that he still retained that fixed purpose, whatever time might be required therefor. Nevertheless, the appellant is a resident of the State of Ohio. Residence is lost by leaving the place where one has acquired a permanent home and removing to another place without a present intention of returning. (24 Am. & Eng. Ency. of Law,—2d ed.—697.) "A temporary sojourn within a State for pleasure or business, accompanied by an intention to return to the State of one's former inhabitance, does not constitute residence." *Pells* v. *Snell*, 130 Ill. 379.

The court did not err in refusing to issue letters testamentary to the appellant.    *Judgment affirmed.*