[No. 2486.    Oct. 13, 1921.]

## BUJAC et al. v. WILSON.

## In re CARDONER'S ESTATE.

### SYLLABUS BY THE COURT.

1. Sections 2222, 2223, 2242, 2243, and 2244, Code 1915, interpreted, and **held**, that the residence required of a person to entitle him to qualify as an executor is nothing more than actual residence.                                    P. 341

2. Aside from the common-law doctrine which excludes idiots and lunatics, the desire of the testator is a controlling factor in determining the right to administer an estate, and it is only statutory disqualifications which may operate to defeat such desire.                                    P. 343

Appeal from District Court, Bernalillo County; Hickey, Judge.

Proceedings for the appointment of Joseph R. Wilson, as executor of the will of A. M. J. Cardoner, deceased, opposed by E. P. Bujac and others. A judgment of the probate court finding Joseph R. Wilson qualified to act was affirmed on appeal to the district court, and objectors appeal. Affirmed.

Marron & Wood, of Albuquerque, for appellant.

A. B. McMillen, of Albuquerque, for appellee.

### OPINION OF THE COURT.

PARKER, J. Upon a motion to dismiss the appeal we handed down an opinion concerning which, upon motion for rehearing, we have some doubts. In view, however, of the opinion we have of the case, we do not deem it necessary to further discuss this

motion, and will withdraw the opinion and dispose of the case upon the merits.

The facts in the case are that a Madame Cardoner died at her residence in Albuquerque, N. M., on the 1st of October, 1918, leaving a last will, in and by which she appointed Joseph R. Wilson as executor to serve without bond, and named her daughter, Bertha Pauchet, of Barcelona, Spain, her sole legatee. The will was produced and filed by the executor in the probate court, together with a petition for the approval of the will and the issuance to him of letters testamentary on October 12, 1918. There was no contest as to the validity of the will, but the appellants, on November 30, 1918, together with said Bertha Pauchet, the said legatee, filed amended and supplemental objections to the appointment of Wilson as executor and prayed as follows:

"Wherefore your petitioners pray that the will of the said Mathilde Cardoner be admitted to probate as prayed for in the petition, but that the application of the said Joseph R. Wilson to be appointed executor thereof without bond be denied and refused by the court, and that Etienne P. Bujac, creditor, be appointed as administrator with the will annexed and manage her said estate upon giving ample security as required by law."

A hearing was had on November 30, 1918, in the probate court, and Joseph R. Wilson was held by said court to be a qualified executor under said will, and letters testamentary were thereupon issued to him. From this judgment of the probate court the objecting parties appealed to the district court of Bernalillo county. Pending appeal from the probate court to the district court Bertha Pauchet, the legatee, dismissed her appeal, and asked that the said Joseph R. Wilson be allowed to continue to administer the estate, and opposed the appointment of the said Bujac as administrator with the will annexed. The district court on November 26, 1919, found that said Joseph R. Wilson was qualified to

act as executor, and that letters testamentary had been duly issued to him by the probate court, and that the said E. P. Bujac was not entitled to appointment as administrator of the said estate.

The principal ground of opposition to the appointment of Wilson is his alleged nonresidence. It appears from the evidence that at the time of the death of the deceased Wilson was a resident of the city of Philadelphia, state of Pennsylvania. Upon the death of the deceased he went to Albuquerque, N. M., and soon thereafter, and prior to the issuance to him of letters testamentary, he had acquired a place of residence and had removed to Albuquerque and was living there with his family. These facts are undisputed. It is urged, however, by appellants that Wilson's residence was so established in Albuquerque for the purpose of enabling him to serve as executor of the estate, and was not established for the purpose of becoming an actual, bona fide, permanent resident of the state, and that therefore he did not become qualified as an executor. Evidence was introduced by appellants to establish the fact that Wilson's residence was established here, not for the purpose or with the intention of making his residence permanent, but for the purpose of enabling him to qualify as executor in this matter, and some evidence along this line was offered which was excluded by the court upon technical grounds. In the view we take of the matter, however, it may be assumed that the evidence offered and tendered would show that Wilson established his residence in Albuquerque and maintained the same during the pendency of the administration of the estate for the purpose merely of qualifying himself to serve as executor, although there is evidence in his behalf to the contrary, which the court might well have been justified in believing.

The question turns upon the proper interpretation

of our statutes in this regard, the pertinent provisions whereof are as follows:

"Sec. 2222. Persons capable of making a will may be appointed as executors or administrators, and after having accepted said appointment, they shall impartially and punctually discharge the duties thereof.

"Sec. 2223. The following persons are not qualified to act as executors or administrators: Nonresidents of this state; minors; judicial officers; persons of unsound mind, or who have been convicted of any felony, or of a misdemeanor involving moral turpitude."

"Sec. 2242. If an executor or administrator become a nonresident of this state, he may be removed and his letters revoked in the manner prescribed in the preceding section, except that the notice may be given by publication for such time as the court or judge thereof may direct.

"Sec. 2243. If a person be named in a will as executor who is a nonresident of the state or a minor, upon the removal of such disability he is entitled to qualify as such executor, if he apply therefor within thirty days from the removal of such disability if otherwise competent. If in the meantime, an administrator with the will annexed has been appointed, his powers and duties cease with the qualification of such executor; but if another executor is qualified and is acting as such, they thereby become joint executors.

"Sec. 2244. Whenever it appears probable to the court or judge that any of the causes for removal of an executor or administrator exist or have transpired, as specified in section 2241, it shall be the duty of such court or judge to cite such executor or administrator to appear and show cause why he shoud not be removed, and if he fail to appear or show sufficient cause, an order shall be made removing him and revoking his letters; and it is the duty of the court or judge thereof to exercise a supervisory control over an executor or administrator, to the end that he faithfully and diligently perform the duties of his trust according to law."
Code 1915.

It will be noticed that, speaking broadly, all persons capable of making a will may be appointed executor, as is provided by section 2222. The genernal provisions of this section are restricted somewhat by the provisions of section 2223, to the effect that nonresidents of the state, together with others

specified in the section, shall not be qualified to act. By section 2243, it is provided that, if the executor named in the will is a nonresident of the state, he may, upon the removal of such disability, become qualified to act if he applies for letters within thirty days after the disability has been removed. By section 2242, if the executor, after he has qualified, becomes a nonresident, he may be removed and his letters revoked in accordance with certain procedure laid down in the statutes.

[1] Taking these sections of the statute together, we are of the opinion that it is clear that the residence contemplated as a basis for the qualification of an executor means nothing more than actual residence. The statute seems to contemplate and to provide for cases exactly like the case at bar. It contemplates that wills may be presented to probate courts in this state which name executors who are for the time being nonresidents of the state, and further contemplates that, upon the removal of such disability by establishing an actual residence in this jurisdiction, the right to administer becomes perfect. Under such circumstances it cannot be said that the quality or character of the residence necessary to qualify an executor is anything more than an actual residence and presence within the state. So that, in accordance with the provisions of section 2244 above quoted, the probate court or judge may exercise a supervisory control over him to the end that he faithfully and diligently performs the duties of his trust according to law.

Counsel have cited a few cases which have attempted to define the meaning of residence but none of the same seem to us to be applicable in this jurisdiction. Most of the cases cited define the nonresidence necessary in order to confer jurisdiction upon the federal courts under the diverse citizenship requirements. One case cited is based upon the dis-

tinction between legal and actual residence, and holds that legal residence is required to avoid the necessity of giving a cost bond. Appellants cite two cases which bear directly upon the question. In Re Petition of Marion Mulford, 217 Ill. 242, 75 N. E. 345, 1 L. R. A. (N. S.) 341, 108 Am. St. Rep. 249, 3 Ann. Cas. 986, the court held under a statute which provided that "no nonresident shall be appointed or act as executor" that a resident of Ohio who still maintained his homestead in that state and who came to Illinois and testified that he intended to remain in Illinois so long as it might be necessary to perform his duties as executor of the estate, was a nonresident of Illinois, and was not entitled to complain of the action of the court in refusing to issue to him letters testamentary. It is to be observed, however, at least so far as appears from the report of this case, that Illinois has no such provisions of law as we have. There is in Illinois no provision that a nonresident who has been named an executor may remove the disqualification and obtain letters testamentary within 30 days after the removal of said disqualification.

The other case cited is 'In re Donovan's Estate, 104 Cal. 623, 38 Pac. 456. In that case a brother of the deceased, who died intestate in California, resided in the state of Massachusetts at the time of the death of his brother. He, and others entitled to share in the estate, signed and forwarded to the appellant a request for his appointment as administrator and appellant, in pursuance of such request, later filed his petition praying that letters of administration be issued to him. Three days before the hearing the brother arrived in California. He was put upon the stand and testified in such a manner as to show that it was not his intention to remain in the state. The statute of California requires that a person requesting appointment as administrator, or requesting the appointment of

another person, must be a "bona fide" resident of the state. The court very correctly held in that case and under that statute that the residence required was more than a mere actual residence. The case therefore has no controlling influence upon the determination of this matter.

We are confirmed in this conclusion by the further consideration that the wishes of a testator as expressed in his last will and testament are to be regarded as of controlling force, and are to be overturned only where some positive provision of law prevents the same being carried out. This is a well-known fundamental principle, universally recognized.

[2] Counsel for appellants presented in their objections to the qualifications of Wilson to act as executor certain matters tending to show unfair or dishonest conduct toward the deceased in her lifetime, and here urge the same in a somewhat perfunctory manner. We do not understand them to seriously contend that upon principle or authority, such objections can be successfully maintained. On the other hand counsel for appellee have cited Kidd v. Bates, 120 Ala. 79, 23 South. 735, 41 L. R. A. 154, 74 Am. St. Rep. 17; In re Bergdorf's Will, 206 N. Y. 309, 99 N. E. 714; Clark v. Patterson, 214 Ill. 533, 73 N. E. 806, 105 Am. St. Rep. 127; Berry v. Hamilton, 12 B. Mon. (Ky.) 191, 54 Am. Dec. 515—all of which are well-considered cases, and point out that the desire of the testator is a controlling factor in determining the right to administer an estate, and that it is only statutory disqualifications which may operate to defeat the will of the testator, aside from the common-law doctrine which excludes idiots and lunatics.

It follows from all of the foregoing that the

judgment of the district court was correct, and should be affirmed; and it is so ordered.

RAYNOLDS, J.; concurs.

ROBERTS, C. J. (concurring.)    While agreeing that the judgment in this case on the merits should be affirmed, I am unable to give assent to the view of the law as expressed in the majority opinion.    As I understand this opinion, it is to the effect that the residence necessary to qualify an executor is simply actual residence or presence within the state at the time application for appointment is made.    If by actual residence it is meant to hold that the person must at the time of applying for letters be a bona fide resident of the state, I would give ready assent to that.    But the majority opinion, as I read it, does not require actual, bona fide residence within the state, but simply physical presence of the applicant for letters at the time the application is made.    I am forced to this conclusion, because the opinion states "actual residence and presence within the state" is all that is required, and an attempt is made to distinguish this case from the case of In re Petition Marion Mulford, 217 Ill. 242, 75 N. E. 345, 1 L. R. A. (N. S.) 341, 108 Am. St. Rep. 249, 3 Ann. Cas. 986.    I think all who read this opinion will come to the conclusion that it is meant to hold that residence as generally understood is not required of the applicant for letters testamentary under our statute.    I do not believe there is any basis for the attempted distinction, for the statute of Illinois (section 66, Ill. Stat. Ann. 1913) provides "that no nonresident of this state shall be appointed or act as administrator or executor," which means substantially the same thing as our section 2223 in this regard.    It is true they have no provision similar to our section 2243, to the effect that a person may become a resident of the state after the probate of a will in which he is named as executor, whereupon he is eligible for

appointment.   But I cannot see how this provision can have the effect upon the other provision ascribed to it in the majority opinion.   In the case of In re Mulford, 217 Ill. 242, 75 N. E. 345, 1 L. R. A. (N. S.) 341, 108 Am. St. Rep. 249, 3 Ann. Cas. 986, Marion Mulford has been named as executor of the will of Harriet M. Richards.   The testator was a resident of the county of Will in the state of Illinois. Mulford was a resident of Ohio.   He testified that he was 71 years old, and had a wife and two daughters with whom he resided in Dayton, Ohio, when the said Harriet M. Richards died.   That he lived with his family on homestead property owned by himself, and which he had not abandoned; that he had come to Illinois with the fixed purpose and intention of accepting the executorship of this estate and of remaining within the jurisdiction of the court until the estate could be administered upon in accordance with the will, and that he still retained that fixed purpose, whatever time might be required therefor.   After reciting the above facts, the court said:

"Nevertheless, the appellant is a resident of the state of Ohio.   Residence is lost by leaving the place where one has acquired a permanent home and removing to another place without a present intention of returning.   24 Am. & Eng. Ency. of Law (2d Ed.) 697.   'A temporary sojourn within a state for pleasure or business, accompanied by an intention to return to the state of one's former inhabitance, does not constitute residence.'   Pells v. Snell, 130 Ill. 379.

"The court did not err in refusing to issue letters testamentary to the appellant."

In an earlier case (Child v. Gratiot, 41 Ill. 357), and before the enactment of the provision that no nonresident should be appointed or act as administrator or executor, the court held that a nonresident could not legally be appointed because of the provision of the statute which authorized the

removal of an executor who became a nonresident of the state.

Other states have statutes prohibiting the appointment of a nonresident. The majority opinion seems to attach importanc to the use of the word "bona fide" resident in the California statute. I attach no importance to this as I assume that when the word "resident" is used in a statute it necessarily means a bona fide resident.

Arkansas has a statute (section 14, Kirby & Cassell's Digest of the Statutes of Arkansas 1916) which, as our statute, uses the term "nonresident," and provides that a nonresident is not eligible for appointment. Likewise Missouri, section 10, R. S., 1919. Under this statute, in the case of Stevens v. Larwill, 110 Mo. App. 140, 84 S. W. 113, the court held that a nonresident coming into the state and being appointed must come with a bona fide intention of becoming a resident of Missouri. Georgia has a similar statute, section 3941, Code 1914; likewise Montana, section 7436, Code 1907. The courts of all these states hold, so far as I am advised, that actual, bona fide residence within the state at the time of appointment is essential.

I cite these for the purpose of showing that the importance attached to the use of the term "bona fide" in the California statute is not justified. Decisions under these statutes will be found collected in the note to the case of In re Mulford, 1 L. R. A. (N. S.) 341. See In re Bailey, 31 Nev. 377, 103 Pac. 232, Ann. Cas. 1912A, 743.

In our statute relative to venue in civil actions it is provided that transitory actions shall be brought in the county where the plaintiff or defendant, or some one of them, in case there be more than one of either, resides. If this does not require bona fide

residence in the county by the plaintiff where he sues in such county, then it will be possible for the plaintiff to temporarily go to some other county in the state and there file the suit. To constitute resi-- dence, as I understand the term, there must be an actual home where the person intends to reside per-- manently, or for a definite or indefinite length of time, and residence depends upon fact and intention.

But, entertaining these views as I do, I am still of the opinion that the judgment in this case should be affirmed. For the court found upon conflicting evidence that Joseph R. Wilson, on the 12th day of October, 1918, which preceded his appointment, and ever since that date, has been an actual and bona. fide resident of the city of Albuquerque, county of Bernalillo, and under this finding his appointment as executor was justified. The fact that he came to New Mexico for the purpose of qualifying as executor under the will in question is not material, if in fact he came here with the intention of making Albuquerque his home to the exclusion of all other places. As said by the court in the case of Stevens. v. Larwill, 110 Mo. App. 140, 84 S. W. 113:

"The rule is well established in every jurisdiction that the motive or purpose of a change of domicile or residence is not material. The only question is whether the change of resi- dence is made by the party with the bona fide intention of becoming a resident of another state."

Here Wilson testified that he had given up his home in Philadelphia and had come to Albuquerque with his wife and daughters with the intention of making Albuquerque his permanent home, that he had either sold or removed his furniture and effects to Albuquerque, and had permanently abandoned his home in Philadelphia. The court had the right to believe this evidence offered by Wilson. It is true that witnesses testified to conversations with Wilson prior to this time which indicated that at that time

Wilson contemplated making the change temporarily only, but it may be that thereafter he formed the fixed purpose and intention of permanently residing in Albuquerque. The evidence justified the finding. I do not attach any importance to the point made by appellants to the effect that the enumeration of certain disqualifications of persons from becoming executors of wills by section 2223, Code 1915, does not conclude the court from refusing letters testamentary upon grounds other than those named in the statute, such as bad character, insolvency, and antagonistic interest, as the court did not refuse the letters. A different question might be here if letters had been refused on some other than statutory grounds.

The only other point requiring consideration is the refusal of the court to admit in evidence a letter written by Wilson to the legatee under a will, but the statement as to the contents of the letter in the offer of evidence, I think, shows that no prejudice resulted by reason of the refusal. The offer was to show that the letter in question written by Wilson to Mrs. Pauchet since the commencement of the proceedings to be appointed executor, and during Wilson's sojourn in New Mexico, stated in substance that he was coming here—obliged to come here— solely for the purpose of protecting the interests of Mrs. Pauchet in this estate, and in connection with the properties of the estate. As I have attempted to show heretofore, the motive prompting his taking up his residence in New Mexico was wholly immaterial.

It is urged that the evidence in this case is of such a nature that it ought not to be held that there was substantial evidence offered to establish the bona fide residence in New Mexico of Joseph R. Wilson. I do not agree with this statement. The court had the

right to believe Wilson if it so elected.

I agree that the opinion heretofore filed on the motion was erroneous, and for that reason consent to its withdrawal.

For the reasons stated, I concur in the affirmance.