LLOYD S. RIDDLE, ATTORNEY IN FACT, ETC., PLAINTIFF,
v. WILLARD S. SLACK AND TRENTON BANKING COM-
PANY, A CORPORATION, DEFENDANTS.

Argued September 24, 1921—Decided December 31, 1921.

1. An administrator appointed as such in a sister state to admin-
ister upon the estate of one who was a resident of and domiciled
in such state at the time of her decease, cannot lawfully empower
a person to act as her attorney in fact so as to entitle such person
to sue in his own right in the courts of this state, to collect the
assets of the estate of such deceased person found in this state.

2. A foreign administrator cannot, in his representative capacity,
maintain any action in the courts of this state without having
first filed, in the office of the register of the Prerogative Court, an
exemplified copy of his letters, in accordance with the provisions
of the act of 1896. *Pamph. L., p.* 173.

On defendants' motion to strike out plaintiff's complaint.

Before Justice KALISCH.

For the motion, *James E. Mitchell* and *A. Dayton Oli-
phant,* for the defendant Willard S. Slack.

For the Trenton Banking Company, *Katzenbach & Hunt.*

*Contra, Lloyd S. Riddle,* for the plaintiff.

The opinion of the court was delivered by

KALISCH, J.   The plaintiff, residing in Monmouth county,
as attorney in fact of Martha E. Boyle, administratrix of
the estate of Lillie Clark Wendell, the latter, at the time of
her decease, being a resident of St. Louis, in the State of
Missouri, and domiciled there, brought his action in replevin
against the defendants to recover possession of certain prop-
erty alleged to be the property of the estate, which property
is designated and described in the plaintiff's complaint as
follows:

"One hundred and seventy-five shares of stock of Beers & Company, a corporation; ten one thousand dollars U. S. A. Liberty Loan Bonds; one thousand dollars worth of U. S. A. War Savings Stamps, and one Cadillac Coupe automobile of the value of four thousand dollars."

This description is supplemented by the averment that the said stock, bonds and war saving stamps were put in a safe deposit box of the defendant Trenton Banking Company, which had safe deposit boxes for hire, and that the said described property is in its possession, and that the automobile is in the possession of the defendant Willard S. Slack.

It is further averred in the complaint that Martha E. Boyle was appointed by the probate court of St. Louis, in the State of Missouri, administratrix of the estate of Lillie Clark Wendell, deceased, and that the former, as such administratrix, made and executed a power of attorney unto one John S. Phillips, Jr., with full power of substitution, to recover any and all personal property of the estate of Lillie Clark Wendell, deceased; and that the said Phillips, Jr., by virtue of the power of substitution conferred upon him as aforesaid, appointed the plaintiff to act in the place and stead of the administratrix and himself, John S. Phillips, Jr.

These allegations are followed by the averments that demand was made in writing by the plaintiff, of the defendant Trenton Banking Company, to deliver to him the said property belonging to Lillie Clark Wendell, deceased, and in its possession, and of the defendant Willard S. Slack, to deliver up to the plaintiff the said automobile, and that the defendants refused to do so and are wrongfully detaining the said property.

Each of the defendants, upon notice to the plaintiff, moved to have the complaint stricken out, for practically the same reasons, as follows:

1. That the complaint discloses that the plaintiff has no property or ownership, general or special, in, or right to possession of, the goods and chattels, and choses in action mentioned in the complaint.

2. The complaint discloses that the plaintiff has no legal right, power or authority to institute this action.

3. The goods and chattels, and choses in action mentioned in the complaint, are not sufficiently described to enable the identification of the same.

4. The complaint discloses that the goods and chattels, and choses in action mentioned in the complaint, are not, and never were, in the possession or under the control of the defendant the Trenton Banking Company.

There is a fundamental question in this case which goes to the very root of the right of the plaintiff to maintain this action, and, of course, if that question is decided adversely to him, it will become unnecessary to consider the other questions raised under the reasons presented for granting the motion to strike out the complaint.

The question to which I allude and have in mind is, Whether an administratrix, appointed as such in a sister state to administer upon the estate of one who was a resident of and domiciled in such state at the time of her decease, can lawfully empower a person to act as her attorney in fact so as to entitle such person to sue in his own right in the courts of this state, to collect the assets of the estate of such deceased person found in this state? I think the solution of this question must rest on the legal status that a foreign administrator has in this state to collect assets here.

In *Babbitt* v. *Fidelity Trust Co.*, 70 *N. J. Eq.* 651 (at *p.* 656), Vice Chancellor Garrison said:

"The general rule is well settled that an executor or administrator cannot, in his representative capacity, maintain any action, suit or proceeding, either at law or in equity, in the courts of any sovereignty other than those under whose laws he was appointed or qualified, without obtaining an ancillary grant of probate or letters from the court of probate of such other sovereignty, unless power to sue in the foreign jurisdiction has been conferred upon him by statute. *Lewis* v. *Grognard*, 17 *N. J. Eq.* 425; *Porter* v. *Trall*, 30 *Id.* 106; 13 *Am. & Eng. Encycl. L.* (2d ed.) 916."

In 1896 the legislature of this state passed the present act conferring upon foreign executors and administrators the power to sue in our courts under certain prescribed conditions. See, also, *Pamph. L.* 1887, *p.* 154.

Section 1 of that act provides: "Any executor or administrator by virtue of letters obtained in another state may prosecute any action or sue out execution upon judgment or decree in any court of this state as if his letters had been granted in this state; provided, that such executor or administrator shall first file in the office of the register of the Prerogative Court an exemplified copy of his letter, and upon such filing may bring all necessary actions in any of the courts of this state; provided, also, that security for the costs may be required from such executor or administrator as if he were a non-resident of this state." *Pamph. L.* 1896, *p.* 173; *Comp. Stat.*, *p.* 2265, *pl.* 21, § 1.

In *Green* v. *Heritage*, 63 *N. J. L.* 455, Mr. Justice Collins, speaking for the Supreme Court (at *p.* 456), said: "It is assigned as error that a foreign administrator has no standing to sue in this state without first filing in the court in which he brings his action an exemplified copy of his letters of administration. This is true only when he sues in the right of his intestate, not in a case where he is a party to the transaction, although as administrator."

It is obvious that the learned justice referred to the statute of 1887, which is in all respects in the same language as the act of 1896, with this exception, that the earlier act required the exemplified copy of the letters to be filed with the clerk of the court in which the action was brought while the later act provides that such exemplified copy shall be filed in the Prerogative Court. It is very likely the court's attention was not directed to the act of 1896, but even if it had been the reasoning of the court would, obviously, have been the same.

In *Buecker* v. *Carr*, 60 *N. J. Eq.* 300, Vice Chancellor Grey expressed some doubt as to whether the act of 1896 repealed the act of 1887, and if it did not, then a foreign administrator, in order to qualify himself to sue in this state, would be obligated to file an exemplified copy of his letter in the

Prerogative Court and with the clerk of the court in which action was instituted.

I am of the opinion that the act of 1896 repealed the earlier statute of 1887, in order to relieve a foreign executor or administrator from a burden which would naturally fall upon him by requiring him to file with the clerk of every court in which it was necessary to bring an action or suit an exemplified copy of his letters. Thus, if an estate had debts owing it in every county of this state, and in order to collect such debts, it became necessary to sue, it becomes manifest that it would subject a foreign executor or administrator to uncalled-for trouble and useless expense. The requirement of the filing of the exemplified copy of the letters in the Prerogative Court, a tribunal whose jurisdiction is state wide, and is the appropriate depository for matters relating to the estates of deceased persons, seems to me to be all that is necessary.

The statute of 1896 unequivocally bestows the right upon a foreign executor or administrator, in his representative capacity, to sue in this state upon condition that he first file an exemplified copy of his letters in the Prerogative Court, and that status of eligibility, so conferred, cannot be delegated by such executor or administrator, by power of attorney or otherwise to a stranger. For the statute makes the collectibility of debts owing or property belonging to the estate depend upon the fact that the foreign executor or administrator, duly qualified to sue in this state, is suing for the same. This is not like the case of a person claiming property in his own right, acquired by him, from the administratrix, by purchase.

The plaintiff, who is suing here, according to the views herein expressed, has no legal status to maintain the action. To adopt any other view would tend to defeat the declared policy of the state, as expressed in the statute.

The complaint must be stricken out, with costs.