WILLIAM M. CAHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

OSCAR M. WOLFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 20851, 19658. Promulgated November 2, 1928.

*Oscar M. Wolff, Esq.*, for the petitioners.
*John F. Greaney, Esq.*, for the respondent.

OPINION.

STIEFKIN: These proceedings squarely raise the question whether an executor of a will appointed by the Illinois probate court is subject to Federal income tax upon his fees as such executor.

A substantially identical question has been decided in the negative by the United States Court of Claims in *New York Trust Co.* v. *United States*, 63 Ct. Cls. 100; certiorari denied by the Supreme Court of the United States on June 6, 1927, 274 U. S. 756. There the New York Trust Co. asked that its compensation as executor, administrator, committee of the property and person of insane people, guardian for infants, trustee under testamentary provisions and trustee under voluntary trusts created *inter vivos* be held exempt from Federal income tax upon the ground that such compensation was received as an officer, agent or instrumentality of the State of New York. The Court of Claims held that the plaintiff was not an officer or employee of the State of New York, basing such decision upon the cases of *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, and *Louisville, Evansville & St. Louis Railroad Co.* v. *Wilson*, 138 U. S. 501, 505, and the statements made in those decisions as to " tenure " and " regular and continuous service," and said further:

But the plaintiff urges that if it is not an officer or employee it is an instrumentality of the government of the state of New York employed in carrying into effect some of the powers of government which could not be interfered with by taxation upon the part of the United States, and in effect that it is a constitutional means employed by the government of the state to execute its constitutional powers. We are of opinion that it is not such an instrumentality.

The plaintiff, while acting in the different capacities named in the petition, was discharging no function pertaining to the sovereign power of the state; it was not engaged in the civil service of the state. Its compensation was not paid by the state, but indirectly by the private person or persons interested in the estate in each case, and it was accountable to them for a faithful discharge of its trust. It performed no duties which affected the welfare of the general public.

Plaintiff is claiming the benefit of an exemption from taxation, and the burden is upon it to show clearly that it is within the exemption claimed. *Phoenix Fire & Marine Insurance Co.* v. *Tennessee,* 161 U. S. 174; *Chicago Burlington & Kansas City R. R.* v. *Guffey,* 120 U. S. 569, 575; *Metcalf & Eddy* v. *Mitchell,* 269 U. S. 414.

The plaintiff has not clearly established that it is entitled to exemption from taxation under the statute.

The language used is clearly applicable to these petitioners.

Reliance is placed by the petitioners upon *In Re Mulford,* 217 Ill. 242, where it is said that an executor is a public officer. The question before the court, however, was the constitutionality of an Illinois statute prohibiting a nonresident from acting as executor. In our opinion the opinion can not be said to hold that an Illinois executor is an officer of the State of Illinois in the sense that the Supreme Court was considering in *Metcalf & Eddy* v. *Mitchell, supra.* Even if the broader meaning should be taken by the courts of Illinois, that meaning would not be binding upon the United States when taxing under a Federal statute. *Burk-Waggoner Oil Assn.* v. *Hopkins,* 269 U. S. 110.

We conclude that the petitioners were taxable upon the fees received by them.

*Judgment will be entered for the respondent.*