Hudson County Circuit Court.

THOMAS MORAN, PLAINTIFF, v. FIREMEN'S AND POLICE-
MEN'S PENSION FUND COMMISSION OF THE CITY OF
JERSEY CITY (NEW JERSEY), DEFENDANTS.

Decided December 12, 1944.

For the plaintiff, *Ziegener & Brenner.*

For the defendant, *Charles A. Rooney.*

BROWN, C. C. J. The plaintiff moves to strike the answer
and for summary judgment, in the above entitled cause, on
the ground that the allegations contained in the answer are
untrue in fact and sham; that the answer and separate
defenses contained therein do not constitute a legal defense
to the plaintiff's action. It is alleged in the complaint the
plaintiff was a member of the police department of Jersey
City and about twenty-one years ago retired on a pension
at the rate of $112.50 a month which was paid by the defend-
ant commission until the first day of June, 1940. It is fur-

ther alleged the defendant failed to pay the pension due from the defendant to the plaintiff for a period from June 1st, 1940, to April 1st, 1942, and upon a suit being brought therefor against the defendant, summary judgment was entered for the amount due. The above entitled action is a suit to recover the pension payments due from the defendant from the 1st day of May, 1942, to and including the month of December, 1942, amounting to the sum of $900. The plaintiff, Thomas Moran, died on the 25th of December, 1942, in Ireland, where he resided many years previous to his death. It does not appear in the case that letters testamentary have been obtained in the State of New Jersey. A certified copy of the will of Thomas Moran is on file in the office of the surrogate of the County of Hudson. The answer of the defendant denies that there is any pension payments due to the plaintiff. In the separate defenses the defendant alleges that they are ready and willing to pay the plaintiff the pension alleged to be due provided the plaintiff appears in person at the office of the defendant in Jersey City. The defendant alleges it has adopted a regulation, for the duration of the war, that persons entitled to pension payments will not be paid unless they appear in person and also that they will not issue checks for pension payments to persons residing without the United States. The above mentioned plaintiff left a last will and testament wherein his wife Hannagh Moran is mentioned as executrix. An exemplified copy of the will, which was executed in Ireland, has been filed with the surrogate of Hudson County. Further action has not been taken to obtain letters testamentary from the surrogate of Hudson County. The name of the said executrix has been substituted for the name of Thomas Moran as plaintiff. There are many grounds relied upon by the defendant against the granting of the motion. It appears to the court that a determination on one of the grounds advanced by the defendant, that is to say "there is no proper party plaintiff," will be dispositive of the motion. The defendant cites in support of its contention R. S. 2 :26–25; N. J. S. A. 2 :26–25. The court finds that the statute referred to has no application to the conditions that exist in this case concerning the party plaintiff. At common

law it is well established, in the absence of prohibitory statutes, a non-resident may be appointed and act as executor, even an alien was not disqualified at common law to act as such. *In re Mulford,* 217 *Ill.* 242; 75 *N. E. Rep.* 345; 3 *Ann. Cas.* 986; *In re Bailey's Estate,* 31 *Nev.* 377; 103 *Pac. Rep.* 232; *Ann. Cas.* 1912A, 747. In the State of New Jersey it has been held the mere filing of an exemplified copy of a will in the surrogate's office does not qualify the executor to maintain a suit. *Porter* v. *Trall,* 30 *N. J. Eq.* 106; *Babbitt* v. *Fidelity Trust Co.,* 70 *Id.* 651 (at *p.* 656); *Riddle* v. *Slack,* 96 *N. J. L.* 412 (at *p.* 414); 115 *Atl. Rep.* 741. It is not necessary to rely upon the common law principle of granting letters testamentary to aliens and non-residents for the reason that there are statutes regulating the granting of letters. Reference is very often made to "other states" as being foreign states. In New Jersey there is a statutory definition for the word "State" and it defines the words as extending to and including any state or territory or possession of the United States, the District of Columbia and the Canal Zone. *R. S.* 1:1–2; *N. J. S. A.* 1:1–2; *R. S.* 2:26–25; *N. J. S. A.* 2:26–25, the statute referred to by the defendant does not apply to wills made by alien residents. The statutes that do apply are *R. S.* 3:2–37; *N. J. S. A.* 3:2–37, which reads as follows:

"When any will of a decedent, nonresident in this state at the time of his death, shall have been admitted to probate in any state of the United States, or in any foreign country, any person desiring to have such will admitted to probate in this state for any purpose may make application therefor by a duly verified petition to the ordinary or to the surrogate of any county in this state."

And also *R. S.* 3:2–38; *N. J. S. A.* 3:2–38:

"The ordinary or the surrogate, upon the copy of a will mentioned in section 3:2–37 of this title, or of the record thereof, and the certificate of probate thereof, being filed in his office, certified and attested as a true copy thereof by the person, officer or court admitting the same to probate, and exemplified and authenticated or certified as provided by section 3:2–39 of this title, shall admit such will to probate and

issue letters testamentary or of administration with the will annexed thereon and record the same in his office without the production of the original will, if it shall appear by the record of probate accompanying the same that such will was executed in accordance with the laws of this state, and if it shall not by such probate proceedings so appear, then upon proof, taken under a commission, if necessary, or in any other manner provided by law, of the due execution of such will in accordance with the laws of this state, which proof may be taken in the same manner as if the original will had been produced before him."

The court determines that the plaintiff bringing this suit is not the proper party plaintiff. She is not qualified under the statute. The motion to strike the answer and separate defenses will be denied.