ROSE LOFTUS, ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE ESTATE OF JANE RONAN, DECEASED, PLAINTIFF, v. PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Decided June 10, 1948.

For the plaintiff, *Edward V. Martino.*

For the defendant, *Carl T. Freggens.*

PROCTOR, C. C. J. The defendant has applied for an order allowing taxation of costs.

The suit was originally commenced by Jane Ronan for damages as the result of injuries received by her when she was struck by defendant's bus in the City of Camden, New Jersey, on October 10th, 1946. The complaint alleged that the aforesaid Jane Ronan resided in the City and County of Philadelphia, Commonwealth of Pennsylvania, and the defendant served a demand for security of costs, which security was filed with the clerk of this court. Thereafter Jane Ronan died and on June 27th, 1947, an amended complaint was filed by Rose Loftus, administratrix *ad prosequendum* and general administratrix of the estate of Jane Ronan, deceased. The amended complaint set forth that the new plaintiff, Rose Loftus, resided in the City and County of Philadelphia, Commonwealth of Pennsylvania. The first count of the amended complaint further asserted that the said Rose Loftus was appointed general administratrix of the estate of Jane Ronan, deceased, by the register of wills for the County of Philadelphia, in the Commonwealth of Pennsylvania. It was further alleged that pursuant to *R. S.* 3:13-7; *N. J. S. A.* 3:13-7, plaintiff had filed with the register of the Prerogative Court of New Jersey an exemplified copy of her letters of administration which were issued by the register of wills of the Commonwealth of Pennsylvania. Plaintiff as general admin-

istratrix, on this count, demanded damages for the pain suffered by her decedent, Jane Ronan, and for medical expenses incurred by the aforesaid Jane Ronan.

The second count of the amended complaint, which was an action brought under our Death Act, *N. J. S. A.* 2:47-1, *et seq.,* stated that the plaintiff was appointed administratrix *ad prosequendum* of the estate of Jane Ronan, deceased, by the surrogate of Camden County.

The defendant served a demand for security of costs on the plaintiff and such security was filed.

The case came on for trial before the court and jury in the Camden Circuit and at the conclusion of plaintiff's case defendant's motion for a nonsuit was granted. Defendant has now requested an order taxing the costs of the defendant against the plaintiff.

The right to costs is a creature of statute; there was no such allowance at common law. *Lehigh Valley Railroad Co.* v. *McFarland,* 44 *N. J. L.* 674. Under *R. S.* 2:27-378; *N. J. S. A.* 2:27-378, the prevailing party in an action at law is entitled to costs.

*R. S.* 2:27-381; *N. J. S. A.* 2:27-381, provides: "If plaintiff, in an action wherein he would be entitled to recover costs on a judgment in his favor, is nonprossed or nonsuited or a judgment passes for defendant, defendant shall have judgment against plaintiff for his costs, *except where plaintiff is an executor or administrator prosecuting in his representative capacity,* which costs shall be taxed as prescribed by law, and for which he shall have such execution as plaintiff would be entitled to had judgment passed in his favor." (Italics supplied.) This legislation finds its source in the Practice Act (chapter 247, laws of 1903), which in turn is based upon the ancient provisions of the act of February 18th, 1795 (*Pat. L.* 1800, *p.* 149), and its English forerunners. *Walton* v. *Taylor,* 78 *N. J. Eq.* 266; 79 *Atl. Rep.* 437.

The exemption italicized above applies in cases where the deceased had begun the action and had died *pendente lite,* as in the present case. *Miller* v. *Stieglitz,* 11 *N. J. Mis. R.* 927; 168 *Atl. Rep.* 839.

However, in suits commenced in this state by a foreign executor or administrator, *R. S.* 3:13-7; *N. J. S. A.* 3:13-7,

provides: "Any executor or administrator by virtue of letters obtained in another State may prosecute any action * * * in any court in this State, as if his letters had been granted in this State; provided that there shall be filed in the office of the Register of the Prerogative Court an exemplified copy of his letters testamentary or of administration *and that security for the costs may be required from such executor or administrator as if he were a non resident of this State."* (Italics supplied.)

This statute finds its source in chapter 119 of the laws of 1896, which superseded similar provisions in *Pamph. L.* 1879, *p.* 28, later amended by *Pamph. L.* 1887, *p.* 154 (2 *Comp. Stat.*, 1910, *p.* 2265, ¶ 21 and *note*). It appears that no right on the part of a foreign executor or administrator to maintain a suit in this state existed prior to the enactment of this legislation. *Riddle* v. *Slack*, 96 *N. J. L.* 412; 115 *Atl. Rep.* 741. It follows that foreign executors and administrators were not included within the scope of the earlier legislation (*R. S.* 2:27–381; *N. J. S. A.* 2:27–381) exempting executors and administrators from the payment of costs.

Even if it be conceived that foreign executors and administrators are included in the intendment of *R. S.* 2:27–381; *N. J. S. A.* 2:27–381, the same result obtains. In the case of an irreconcilable conflict between two statutes the later statute is held to repeal the earlier statute by implication as far as they are incompatible. *McNeely* v. *Woodruff*, 13 *N. J. L.* 352.

It is my conclusion that in a case where a resident executor or administrator is a party plaintiff, costs are not taxable against him but that under *R. S.* 3:13–7; *N. J. S. A.* 3:13–7, having to do with a non-resident executor or administrator, which compels the filing of requested security, a defendant who has prevailed at the trial is entitled to costs. The language of the statute requiring a non-resident executor or administrator to file security for costs would be meaningless if such costs could not be assessed against him. There is a presumption against vain or useless legislation. *Tucker* v. *Frank J. Beltramo, Inc.*, 117 *N. J. L.* 72; 186 *Atl. Rep.* 821.

An order will be entered taxing the costs of the defendant against the plaintiff.